UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH DOHENY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 5869 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| NATIONSTAR MORTGAGE LLC | ) | |
| d/b/a MR. COOPER, and CYPREXX | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court *sua sponte* dismisses this case without prejudice for want of jurisdiction. Plaintiff is granted 28 days in which to file an amended complaint that adequately alleges a basis for this Court's jurisdiction, lest this case be terminated

**STATEMENT**

Every federal court has an obligation to ensure that it has jurisdiction over the cases before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). In this case, plaintiff alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00 and the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Here, plaintiff has not adequately alleged the citizenship of the parties. Plaintiff has alleged her state of residence, which does not suffice. "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

Next, plaintiff has failed to allege adequately the citizenship of defendants Nationstar Mortgage LLC and Cyprexx Services, LLC. Plaintiff alleges that Nationstar Mortgage LLC has its principal place of business in Dallas, Texas, and Cyprexx Services, LLC has its principal place of business in Bradenton, Florida. But an LLC's principal place of business is irrelevant to its citizenship. An unincorporated entity such as an LLC is a citizen of every state in which any of its members (or partners) is a citizen. *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). "[T]he citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Thus, plaintiff must include allegations

identifying each of defendants' members and the citizenship of each member. In addition, "if those members have members, [plaintiff must identify and allege] the citizenship of those members as well." *Thomas*, 487 F.3d at 534.

Because plaintiff has failed to include allegations from which this Court can determine whether it has jurisdiction, the Court dismisses the case without prejudice for want of jurisdiction. Plaintiff is granted 28 days in which to file an amended complaint that adequately alleges a basis for this Court's jurisdiction. Otherwise, this case will be terminated.

Date: 9/5/2019

Jorge L. Alonso
United States District Judge