# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ELIZABETH DOHENY

Plaintiff

v.

NATIONSTAR MORTAGAGE LLC
d/b/a MR. COOPER, and
CYPREXX SERVICES LLC

Defendants

Case No. 1:19-cv-05869

## DEFENDANT CYPREXX SERVICES, LLC'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant CYPREXX SERVICES, LLC ("Cyprexx"), by its attorneys, states the following for its Answer to Plaintiff's Amended Complaint:

## NATURE OF THE ACTION

1.     This action is seeking damages for breach of contract, intentional infliction of emotion distress, intrusion upon seclusion, trespass to property, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*)

**ANSWER**:   **Defendant admits Plaintiff brings this action seeking damages for breach of contract, intentional infliction of emotion distress, intrusion upon seclusion, trespass to property, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, but denies that it has committed any violations and further denies that Plaintiff is entitled to any relief whatsoever.**

# PARTIES

2.     ELIZABETH DOHENY ("Plaintiff") is a natural person, over 18-years of age, who at all times relevant resided in Barrington, Illinois. At all times relevant, Plaintiff had a property interest in real estate located at 2323 Grove Lane, Cary, Illinois 60013.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

3.     NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Nationstar" or "Mr. Cooper") is a limited liability company organized under the laws of the State of Delaware, and is an indirect, wholly-owned subsidiary of Nationstar Mortgage Holdings, Inc., a Delaware corporation. Nationstar is directly owned by two entities: (1) Nationstar Sub 1 LLC ("Sub1") (99%) and (2) (Nationstart Sub2 LLC ("Sub2") (1%) (collectively, Nationstar's members). Both Sub1 and Sub2 are Delaware limited liability companies that are 100% owned by Nationstar Mortgage Holdings, Inc. Nationstar, Sub1, Sub2, and Nationstar Mortgage Holdings, Inc. each maintain their principal place of business at 350 Highland Drive, Lewisville, Texas 75067. Sub1 and Sub2 are citizens of the State of Texas.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph**.

4.     Nationstar is a national mortgage originator and servicer. Nationstar originates and services thousands of mortgage loans nationwide.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph**.

5.     CYPREXX SERVICES, LLC ("Cyprexx") is a limited liability company organized under the laws of the State of Delaware. Cyprexx is owned by five individual members: Brett Ory,

Linda Ory, Ronnie J. Ory, and Rhonda Ory Williams. Each member is domiciled in Brandon, Florida and is a citizen of the State of Florida. Cyprexx maintains its principal place of business at 525 Grand Regency Boulevard, Brandon, Florida 33510.

**ANSWER**:    **Defendant admits it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Brandon, Florida. Defendant denies the remaining allegations of this paragraph.**

6.    Cyprexx is a national field services company that regularly works with mortgage servicers to secure and preserve properties. Cyprexx's principal place of business is located in Brandon, Florida. Cyprexx does business in Illinois and is registered with the Illinois Secretary of State.

**ANSWER**:    **Admitted.**

## JURISDICTION AND VENUE

7.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because this action involves citizens of different states and the amount in controversy exceeds $75,000.

**ANSWER**:    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

8.    Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391(b)(2) because Defendants conduct business in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER**:    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

## FACTUAL ALLEGATIONS

9.      On February 7, 2014, Plaintiff executed a mortgage ("subject mortgage") in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Nationstar Mortgage LLC.

**ANSWER**:      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

10.      The subject mortgage secured the purchase of real property located at 2323 Grove Lane, Cary, Illinois 60013 ("subject property").

**ANSWER**:      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

11.      The subject mortgage secured a promissory note executed by Plaintiff's former husband, Thomas M. Doheny ("Mr. Doheny"), in the amount of $269,055.00 in favor of Nationstar Mortgage LLC ("subject loan").

**ANSWER**:      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

12.      Plaintiff and Mr. Doheny held title to the subject property as joint tenants.

**ANSWER**:      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

13.      The subject property largely served as a secondary residence for Plaintiff and Mr. Doheny.

**ANSWER**:      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

14.      Plaintiff and Mr. Doheny have four children and always maintained a high standard of living as Mr. Doheny maintained very lucrative employment.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

15.     Ms. Doheny was a homemaker and did not work for the vast majority of her marriage to Mr. Doheny.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

16.     In 2017, Plaintiff and Mr. Doheny made substantial renovations and upgrades to the subject property, including renovations to the basement, new carpeting, new furniture and other various cosmetic work.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

17.     The Doheny's marriage deteriorated, ultimately leading to a legal dissolution of marriage in 2017.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

18.     On November 17, 2017, Mr. Doheny tragically passed away.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

19.     At the time of Mr. Doheny's death, the subject loan was current.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

20. Mr. Doheny's tragic death was unexpected and left Plaintiff in dire financial circumstances as the maintenance payments per the marital settlement agreement were Plaintiff's primary source of income.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

21. Shortly after Mr. Doheny's death, the subject loan went into default.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

22. After Mr. Doheny's death, Plaintiff listed the subject property for sale.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

23. In December 2017, Plaintiff contacted Mr. Cooper to inform them of Mr. Doheny's death.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

24. Upon information and belief, in early January 2018, Mr. Cooper hired and directed Cyprexx to perform property preservation services at the subject property.

**ANSWER**: **Defendant admits it was hired to perform preservation services at the subject property in January 2018.**

25. At the time Mr. Cooper hired Cyprexx, the subject property was in excellent condition, fully furnished, and by no means vacant or abandoned.

**ANSWER**: **Denied.**

26.     On January 21, 2018, Plaintiff, Plaintiff's brother, and Plaintiff's daughter went to the subject property for a scheduled showing for a prospective buyer.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

27.     While at the subject property, an unfamiliar vehicle pulled into the driveway of the subject property.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

28.     Plaintiff's brother approached the vehicle and greeted the individual in the vehicle.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

29.     The individual in the vehicle advised Plaintiff's brother that he was hired by "a mortgage company" to determine if the subject property was vacant.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

30.     Plaintiff's brother advised the individual that the subject property was not vacant and the individual left the subject property.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

31.     Upon information and belief, the individual was an employee and/or agent of Cyprexx.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

32.     On January 24, 2018, Plaintiff again visited the subject property.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

33.     Upon approaching the front door, Plaintiff discovered (a) that the locks were changed; (b) that a lock box was installed; and (c) that the front door was damaged.

**ANSWER**:     **Defendant admits locks were changed and a lock box was installed at the subject property, but denies the remaining allegations.**

34.     Plaintiff was not able to gain entry through the front door but was able to gain entry through the back door.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

35.     Plaintiff entered the subject property and discovered (a) that the water was turned off (b) the heat lowered, and (c) food missing from two refrigerators.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

36.     Moreover, Plaintiff discovered adhesive notes affixed to the sinks, doors, and toilets that displayed Cyprexx's name.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

37.     Enraged by the unauthorized trespass to the subject property, Plaintiff immediately called Mr. Cooper to inquire about the trespass.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

38. During the phone call with Mr. Cooper, Plaintiff advised a Mr. Cooper representative that someone entered her home without authorization and (a) turned off the water; (b) lowered the heat; and (c) stole food from the refrigerators.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

39. In response, the Mr. Cooper representative advised Plaintiff that Cyprexx told Mr. Cooper that the subject property was vacant/abandoned and based on that belief, Mr. Cooper ordered Cyprexx to "winterize" the subject property.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

40. Plaintiff responded by advising the Mr. Cooper representative that Plaintiff's brother explicitly told the individual that visited the subject property on January 21, 2018 (a Cyprexx employee/agent) that the subject property was not vacant.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

41. Moreover, Plaintiff advised Mr. Cooper's representative that she had been in constant communication with Mr. Cooper and that Mr. Cooper had actual knowledge that the subject property was not vacant.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

42. In response, Mr. Cooper's representative advised Plaintiff that it had reason to believe the subject property was vacant but that Cyprexx had no right to steal food from the refrigerators, and recommended that Plaintiff file a police report against Cyprexx.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

43.     Moreover, the Mr. Cooper representative recommended that Plaintiff submit a formal complaint with Cyprexx.

**ANSWER**:     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

44.     Lastly, Mr. Cooper directed Plaintiff to call "George," presumably a Cyprexx employee, and request that Cyprexx "un-winterize" the subject property.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

45.     A few days later, Mr. Cooper sent an agent to the subject property to "un-winterize" the subject property by turning the water supply back on. Plaintiff was present during this "un-winterization."

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

46.     Shortly thereafter, Plaintiff and her daughter visited the subject property.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

47.     Upon arrival, Plaintiff discovered multiple notes displaying Cyprexx's name affixed on the front door stating that the subject property was vacant and that security cameras had been installed.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

48.     The notes further indicated that Cyprexx had completed services at the subject property.

**ANSWER:     Defendant admits it completed services at the subject property.**

49.     In a state of shock and disbelief, Plaintiff and her daughter left the subject property and went to a local restaurant for lunch.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

50.     Upon returning to the subject property after lunch, Plaintiff discovered that someone had entered the subject property between the time she went to lunch and returned.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

51.     Specifically, Plaintiff discovered that the lights and radio were turned off, both which were on when Plaintiff and her daughter went to lunch.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

52.     Believing that someone may still be in the subject property, Plaintiff searched the home to confront the intruder.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

53.     During her search, Plaintiff discovered a heavily flooded basement (up to 3 inches of water) and fresh footprints embedded in the wet carpet.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

54. While in the basement, Plaintiff discovered that the fish in the fish tank had been removed.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

55. The fish had significant sentimental value, as they belonged and were adored by Mr. Doheny.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

56. Plaintiff continued searching the subject property and discovered that an electrical plate was removed from one of the bedrooms.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

57. Worried about her and her family's safety, Plaintiff called the McHenry County Sherriff s Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

58. Shortly thereafter, Officer McKenzie from the McHenry County Sheriff s Department arrived at the subject property.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

59. Plaintiff advised Officer McKenzie of the events and the unauthorized trespass to the subject property.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

60. After hearing Plaintiff's account of the events, Officer McKenzie advised Plaintiff that he believed that the mortgage company (Mr. Cooper) was likely responsible for the damage, possibly in an attempt to deem the property vacant/abandoned in order to expedite the foreclosure process.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

61. Plaintiff provided Officer McKenzie with Cyprexx's contact information, which was contained on the notes throughout the subject property.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

62. Officer McKenzie called Cyprexx and cautioned them to stay away from the subject property.

**ANSWER:** **Denied.**

63. Shortly thereafter, Plaintiff submitted a claim for compensation to Cyprexx.

**ANSWER:** **Defendant admits it received a demand letter from Plaintiff's attorney requesting compensation.**

64. To date, Plaintiff has not been compensated for the damages to the subject property.

**ANSWER:** **Defendant admits it has not compensated Plaintiff for damages.**

65. At no time did Defendants provide Plaintiff with notice that they will be inspecting and/or entering the subject property.

**ANSWER:** **Denied.**

66. Moreover, upon and information and belief, Defendants entered Plaintiff's home on numerous additional occasions without Plaintiff's authorization.

**ANSWER:** **Denied.**

67. Specifically, the fish that were removed from the fish tank magically reappeared after Plaintiff's initial call with Mr. Cooper regarding the trespass to the subject property.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

68. In response to the additional intrusions, Plaintiff filed numerous police reports with the McHenry County Sheriff's Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

## DAMAGES

69. Plaintiff was very vulnerable at the time of Defendants' egregious conduct. Specifically, Plaintiff and her family were in the grieving process following Mr. Doheny's tragic death.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the vulnerability of Plaintiff and her family following Mr. Doheny's death, and denies that it has committed any egregious act.**

70. Plaintiff suffered significant damages that were proximately caused by Defendants' conduct.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

71. Specifically, as a result of Defendants' collective conduct, Plaintiff has suffered extreme emotional distress, anxiety, and mental anguish resulting from (a) the constant fear that

the subject property will be broken into again; and (b) the deprivation of the sense of security and safety in the subject property.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

72. Moreover, Defendants' conduct resulted in significant damage to the subject property and its contents, including, water damage to the following:

      i. basement, basement walls, and carpet;

      ii. personal property and furnishings situated in the basement, including but not limited to, beds, bookcases, chairs, desk, dressers, nightstand, sofa, and tables;

      iii. personal property and furnishings situated in the family room located in the basement, including but not limited to, leather sofa, leather loveseat, Lazy Boy massage chair; two end tables, and cocktail table;

      iv. personal property and furnishings situated in the bedrooms in the basement, including but not limited to, full size bed, two twin beds, dressers, nightstand, desk, bookcase, various artworks and paintings, and board games and toys.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx, inclusive of subparagraphs (i)-(iv).**

73. Furthermore, Defendants' conduct resulted in the following additional damages:

      i. burst water pipes;

      ii. mold buildup on the walls and ceiling;

      iii. incidental damage to the heating system, which is dependent on a water boiling system.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx, inclusive of subparagraphs (i)-(iii).**

74. Plaintiff's property damages as set forth above are in excess of $85,000.00 (includes replacement costs of damaged personal property and furnishings).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph. To the extent any of the allegations in this paragraph could be construed against this Defendant, they are specifically denied.

75.     Moreover, the damages caused by Defendants' conduct have significantly decreased the value of the subject property, thus frustrating Plaintiff's ability to sell the subject property for a profit.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

76.     As a result of Defendants' conduct, Plaintiff has been unable to sell the subject property in light of its uninhabitable condition.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

77.     As a result of Defendants' conduct, Plaintiff has and continues to suffer from extreme emotional distress and mental anguish, which has resulted in countless sleepless nights and never-ending stress.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

78.     As of the date of the filing of this lawsuit, Defendants have not made any effort to compensate Plaintiff for her losses.

**ANSWER:** Denied.

<u>**CAUSES OF ACTION**</u>
<u>**COUNT I — BREACH OF CONTRACT (AGAINST MR. COOPER)**</u>

Defendant makes no response to Count I as Count I is not directed at this Defendant. To the extent that Count I can be construed as imposing liability onto Defendant, Defendant denies said allegations.

## COUNT II — TRESPASS TO REAL PROPERTY
## (AGAINST MR. COOPER AND CYPREXX)

89.     Plaintiff incorporates all preceding paragraphs as though fully stated herein.

**ANSWER:     Defendant incorporates its answers to all preceding paragraphs as though fully stated herein.**

90.     At all times relevant, Plaintiff jointly owned the subject property and had a legal right to exclusive possession of the subject property.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

91.     Defendants had actual knowledge that Plaintiff jointly owned and adequately maintained the subject property.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

92.     Without consent or a right to possession, Defendants forcibly entered and assumed dominion and control of the subject property.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

93.     Without consent or a right to possession, Defendants placed a lock on the front door of the subject property, thus depriving Plaintiff of immediate access to the subject property.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

94.     Defendants' forced entry and trespass upon the subject property interfered with Plaintiff's possession, ownership, use, and enjoyment of the subject property.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

95.     Upon information and belief, it is Defendants' normal business practice to ignore possessory and ownership rights of homeowners, and to illegally take possession of properties without consent or a court order, in conscious disregard of the rights of homeowners.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

96. As pled above, Plaintiff was severely harmed by Defendants' conduct.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

**COUNT III — VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (AGAINST MR. COOPER AND CYPREXX)**

97. Plaintiff incorporates all preceding paragraphs as though fully stated herein.

**ANSWER:** **Defendant incorporates its answers to all preceding paragraphs as though fully stated herein.**

98. Plaintiff is a "person" as defined by 815 ILCS 505/1(c).

**ANSWER:** **Admitted.**

99. Plaintiff is a "consumer" as defined by 815 ILCS 505/1(e).

**ANSWER:** **Denied.**

100. Mr. Cooper is engaged in "commerce" as defined by 815 ILCS 505/1(f).

**ANSWER:** **Admitted.**

101. Cyprexx is engaged in "commerce" as defined by 815 ILCS 505/1(f).

**ANSWER:** **Admitted.**

102. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false, pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.

**ANSWER:** Defendant denies that this paragraph recites the language of Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act verbatim.

103.     Defendants violated 815 ILCS 505/2 by engaging in the following unfair and deceptive acts or practices in the course of mortgage servicing and/or property management/preservation services:

a.     Representing to Plaintiff, either expressly or by implication, and with the intent that Plaintiff rely on such representation, that Plaintiff is not entitled to occupy the subject property when Plaintiff is, in fact, entitled to occupy the subject property;

b.     Intimidating Plaintiff by habitually sending agents to the subject property and posting notices stating that the subject property is abandoned/vacant while Plaintiff legally owned and maintained the subject property;

c.     Unlawfully breaking into Plaintiff's property;

d.     Taking control and asserting dominion over the subject property without a court order authorizing the same;

e.     Employing self-help and taking possession of the subject property outside the judicial process mandated by the Illinois Mortgage Foreclosure Law ("IMFL") (defining possessory rights and the prohibition against harassment or intimidation to compel occupants to abandon mortgaged property).

f.     Changing the locks of the front door of the subject property without having a valid license required by the Illinois Locksmith Act;

g.     Turning off the water in the subject property;

h.     Causing major damage to the subject property and its contents;

i.     Unlawfully removing personal property from the subject property;

j.     Affixing notices throughout the subject property, thus exhibiting dominion and control over the subject property, and implying that Plaintiff has lost her ownership rights to the subject property;

k.     Failing to adequately manage, supervise and train their employees and agents in the performance of property inspection and preservation services.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

104. It was unfair and deceptive for Defendants to erroneously deem the subject property "vacant" or "abandoned" when Defendants had actual knowledge that the subject property was not vacant or abandoned.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

105. It was unfair and deceptive for Defendants to erroneously deem the property "vacant" or "abandoned" despite the fact that the subject property was conspicuously furnished and well-maintained.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

106. Defendants intended that the Plaintiff would rely on their unfair and deceptive acts; their overall scheme was designed to disturb Plaintiff's ownership of the subject property and designed to buffalo Plaintiff into giving up her property without having to go through the foreclosure process.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

107. Plaintiff relied upon Defendants' acts and representations and was deceived into questioning her legal ownership rights in the subject property, doubting her right to enjoy ownership of the subject property free of invasion, believing a court order was unnecessary, becoming afraid to enjoy ownership rights of subject property, and losing the peaceful enjoyment and solitude of the subject property.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

108. Defendants' conduct offends public policy as it demonstrates an industry-wide practice of maximizing profits by ignoring the possessory rights of homeowners in violation of the law, expediting the foreclosure process by circumventing the law, and profiting from the expedited sale of real property.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

109. Plaintiff had no choice but to submit to Defendants' conduct. Specifically, Plaintiff had no control over (1) the changing of the lock; (2) the significant damages to the subject property; and (3) her inability to enjoy the benefits of ownership of the subject property.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

110. Defendants' course of conduct is part of a pattern and practice of behavior that Defendants routinely participate in.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

111. As pled above, Plaintiff was severely harmed by Defendants' conduct.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

112. Defendants' course of conduct further implicates consumer protection concerns generally as consumers reasonably expect:

    a. to be safe and secure in their own property;

    b. their mortgage companies to communicate with them accurately and truthfully regarding the occupancy status of their home or any claims of abandonment/vacancy;

    c. their mortgage companies to refrain from illegal self-help to expedite a foreclosure and bully consumers from their property;

    d. their mortgage companies to follow state and federal law and their own guidelines;

    e. their mortgage companies to adhere to consumer protection laws/statutes as well as investor/mortgage servicing guidelines.

    f. their mortgage companies will not take illegal action to expedite a foreclosure and bully consumers from their property.

**ANSWER:** Defendant denies the allegations directed against Cyprexx.

113.    An award of punitive damages is appropriate because Defendants' conduct was outrageous, willful, wanton, showed a reckless disregard for the rights of the Plaintiff, and was designed to take advantage of a vulnerable family.

**ANSWER:    Defendant denies the allegations directed against Cyprexx.**

114.    Punitive damages would serve the interest of Illinois consumers in that it would serve to deter similar misconduct in the future.

**ANSWER:    Denied.**

### COUNT IV — INTRUSION UPON SECLUSION
### (AGAINST MR. COOPER AND CYPREXX

115.    Plaintiff incorporates all preceding paragraphs as though fully stated herein.

**ANSWER:    Defendant incorporates its answers to all preceding paragraphs as though fully stated herein.**

116.    To establish a claim for intrusion upon seclusion, Plaintiff must establish (1) there was an unauthorized intrusion into seclusion; (2) the intrusion would be highly offensive to a reasonable person; (3) the matter intruded upon was private; and (4) the intrusion caused anguish and suffering. *Maremont v. Susan Fredman Design Group, Ltd.*, 2011 U.S. Dist. LEXIS 140446, at *20 (N.D. Ill. 2011).

**ANSWER:    Defendant makes no response to this allegation as it calls for a legal conclusion.**

117.    Defendants intruded into Plaintiff's seclusion by forcibly entering Plaintiff's property without authorization, changing the locks, stealing personal property, and inflicting major damage to the subject property.

**ANSWER:    Defendant denies the allegations directed against Cyprexx.**

118.     Defendants' conduct was highly offensive and objectionable to a reasonable person.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

119.     As pled above, Plaintiff was severely harmed by Defendants' conduct.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

### COUNT V— INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST MR. COOPER AND CYPREXX)

120.     Plaintiff incorporates all preceding paragraphs as though fully stated herein.

**ANSWER:     Defendant incorporates its answers to all preceding paragraphs as though fully stated herein.**

121.     To state a claim for intentional infliction of emotional distress, plaintiff must establish that (1) the defendants' conduct was extreme and outrageous; (2) the defendants either intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so; and (3) the defendants' conduct actually caused severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).

**ANSWER:     Defendant makes no response to this allegation as it calls for a legal conclusion.**

122.     Defendants are liable for intentional infliction of emotional distress because (1) forcibly entering Plaintiff's property and changing the lock without authorization was extreme and outrageous; (2) Defendants knew that forcibly entering Plaintiff's property, changing the lock, stealing personal property, and causing major damage would inflict severe emotional distress on Plaintiff; and (3) Defendants' conduct actually caused Plaintiff severe emotional distress.

**ANSWER:     Defendant denies the allegations directed against Cyprexx.**

123. In the alternative, Defendants are liable for negligent infliction of emotional distress.

**ANSWER:** **Defendant denies the allegations directed against Cyprexx.**

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's damages, if any, were not caused by Defendant, but by another person or entity for whom or for which Defendant is not responsible.

## SECOND DEFENSE

Plaintiff is not a "consumer" as defined by 815 ILCS 505/1(e), and therefore lacks standing to sue this Defendant under the Illinois Consumer Fraud and Deceptive Business Practices Act.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to join necessary or indispensable parties to the Complaint.

## FOURTH DEFENSE

The Complaint fails to state a claim for which relief can be granted.

Wherefore, Defendant Cyprexx Services LLC denies Plaintiff Elizabeth Doheny is entitled to judgment against it in the amounts prayed for or in any amount, and prays judgment be entered against Plaintiff, with costs assessed against her.

Respectfully submitted,

***Cyprexx Services LLC***

By: /s/ Christen J. McGlynn

    David M. Holmes, 6199262
    Christen J. McGlynn, 6330110
    Wilson Elser Moskowitz Edelman & Dicker LLP
    55 West Monroe Street, Suite 3800
    Chicago, Illinois 60603-5016
    312.704.0550 main
    david.holmes@wilsonelser.com
    christen.mcglynn@wilsonelser.com

**<u>Certificate of Service</u>**

    I hereby certify that, on October 17, 2019, I caused to be filed Defendant Cyprexx Services LLC's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

Mohammed O. Badwan
Joseph S. Davidson
Victor Metroff
SULAIMAN LAW GROUP, LTD
2500 S Highland Ave, Ste 200
Lombard IL 60148
630.575.8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com

    /s/ Christen J. McGlynn